DELAMAR MOTOR CO. *v.* HARMON J. WHITE

5-5417                                                   460 S. W. 2d 802

Opinion delivered December 21, 1970

*W. H. Arnold,* for appellant.

*Lookadoo, Gooch & Lookadoo,* for appellee.

GEORGE ROSE SMITH, Justice. This suit was brought by the appellee to cancel a contract by which he had purchased a Chevrolet diesel truck from the appellant. For cancellation of the contract the plaintiff relied upon a breach of the implied warranty that the vehicle was fit for the purpose for which it was to be used. After a trial the chancellor entered a decree canceling the contract and awarding the plaintiff a judgment for the value of a pickup truck that had been traded in as part of the transaction. The appellant argues three points for reversal.

First, according to the plaintiff's proof the diesel

truck had two defects which the seller was unable to correct: The engine vibrated excessively, and the brakes did not function properly. The appellant now argues that those defects were the fault of the manufacturer, General Motors Corporation, and were therefore not the responsibility of the appellant corporation, which is merely a Chevrolet dealer. Under the Uniform Commercial Code, however, where the seller has reason to know the particular purpose for which the goods are required and that the buyer is relying on the seller's judgment to furnish suitable goods, there is an implied warranty that the goods shall be fit for the intended purpose. Ark. Stat. Ann. § 85-2-315 (Add. 1961). The appellant was unquestionably the seller of the truck and therefore came within the purview of the statute. The Code provision is clearly just, for otherwise a buyer, especially with respect to goods of small value, might have no effective remedy for defects attributable to an unknown, nonresident, or insolvent manufacturer.

Secondly, it is argued that the appellee White did not actually rely upon DeLamar Motor's judgment in the selection of a suitable truck. Upon this point of fact the chancellor's decision is not against the weight of the evidence. At the time of the sale White told the seller that he intended to use the truck to pull a gasoline transport and to pull a lowboy. He also stated that Mr. DeLamar "said it would do the job, and I had no reason to doubt it." On cross examination White admitted that when he bought the truck he thought that it would do the job he wanted it to do. That belief, however, did not negate the warranty. Any purchaser ordinarily expects the article being bought to serve its purpose, else he would not buy it. It does not follow, however, that the purchaser may not also be relying upon the seller's judgment in the matter. Here White testified that he had not previously owned a Chevrolet diesel truck. Upon the record as a whole the chancellor was justified in finding that White did rely upon DeLamar to select a vehicle capable of doing the job that White had in mind for it.

Thirdly, DeLamar Motor insists that the implied

warranty of fitness was excluded by the terms of the conditional sales contract. Under the Code such an exclusion must be by a writing and be conspicuous. Section 85-2-316 (2). "Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color." Section 85-1-201. In this instance some of the terms of the contract were in fairly heavy black type, but the asserted disclaimer of warranties, though in italics, was in smaller and lighter type than much of the rest of the printed form. Our examination of the contract convinces us that the statutory requirement of conspicuousness was not met. Consequently the disclaimer was not effective.

Affirmed.